1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| SEONG JAE PAEK and BONA PAEK, | Case No. 19-cv-563-BAS-KSC |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| LEE CISSNA, *et al.*, | **[ECF No. 2]** |
| Defendants. | |

16

Plaintiffs Seong Jae Paek and Bona Paek have filed a complaint pursuant to 28 U.S.C. § 1361 to compel Defendants to complete Plaintiffs' I-485 applications to adjust their status to permanent residents. (ECF No. 1.) Plaintiffs also filed a joint motion to proceed in forma pauperis ("IFP"). (ECF No. 2.)

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to

proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiffs joint IFP motion is improper. Each Plaintiff must file a separate motion detailing his or her own financial situation. Further, even if the Court were to consider the pending IFP motion, it would conclude that there is insufficient information to determine whether Plaintiffs should be permitted to proceed IFP. Plaintiffs list they have $0 in income, $0 expected income, no assets, and no monthly expenses. Plaintiffs state they are students, but the Court finds it doubtful that college students have absolutely no income and no expenses. Plaintiffs must have some way to pay for school, housing, and food. Without further explanation, the current IFP motion is insufficient. Plaintiffs may submit separate IFP motions. The motion is **DENIED WITHOUT PREJUDICE**. (ECF No. 2.)

**IT IS SO ORDERED.**

**DATED: March 28, 2019**

Hon. Cynthia Bashant
United States District Judge